ON WRIT OF CERTIORARI TO THE FOURTH CIRCUIT COURT OF APPEAL, PARISH OF ORLEANS PER CURIAM: Writ granted. “The Batson framework is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process.” Johnson v. California, 545 U.S. 162, 172, 125 S.Ct. 2410, 2418, 162 L.Ed.2d 129 (2005). As in State v. Crawford, 14-2153, p. 33 (La. 11/16/16), 218 So.3d 13, 34, we find that the record here “hinders our ability to discern a clearly defined three-step Batson analysis.” Therefore, we remand this matter to the trial court to conduct a hearing and clarify its ruling on defendant’s Bat-son challenges. The trial court is directed to determine whether defendant has made a prima facie showing of racial discrimination as to all five individuals challenged by the state in the second venire panel. We emphasize that to satisfy Batson’s first-step requirement for the establishment of - a prima facie case of purposeful discrimination, “a moving party need only produce ‘evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.’ ” State v. Elie, 05-1569, p. 6 (La. 7/10/06), 936 So.2d 791, 796 (quoting Johnson, 545 U.S. at. 170, 125 S.Ct. at 2417). If the trial court determines that a pri-ma facie showing has been made, it is directed to proceed with Batson’s second and third steps and issue a written ruling thereon, with reasons. See generally Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). As for- those steps, we remind the trial court that La. C.Cr.P. art. 795(C), to the extent it affords a .court discretion to forego demanding race-neutral reasons from the state after it has found a prima facie showing of discrimination, does not comport with the Supreme Court’s Batson jurisprudence. See Johnson, supra; see also Crawford, supra. The trial court is also directed to reconstruct and expand the record in this case, to whatever extent possible, in any areas relevant to the three-step Batson inquiry. For instance, the court should attempt to determine the races of all members of the venire, particularly of those in the second panel; and produce to the extent’possible' a full transcript , of the entirety of voir dire to facilitate appellate review of its rulings. REMANDED